UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL BURNETTE,

              Petitioner,

v.

ELIZABETH TEGELS,

              Respondent.

Case No. 22-CV-789-JPS

**ORDER**

1. **INTRODUCTION**

On July 8, 2022, Petitioner Samuel Burnette ("Burnette" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, along with a motion to proceed without prepayment of the filing fee, ECF No. 2. On August 22, 2022, the Court ordered Burnette to either pay the filing fee or to file a copy of his certified trust account statement. ECF No. 6. On September 8, 2022, Burnette paid the filing fee. The Court will accordingly deny the motion to proceed without prepayment of the filing fee, ECF No. 2, as moot. The Court now screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

2. **FACTUAL BACKGROUND**

Public records show that in 2021, a jury found Burnette guilty of First-Degree Child Sex Assault – Sexual Contact with a Person under Age of 13 in Milwaukee County Case Number 2020CF000324. *See State of Wisconsin v. Samuel A. Burnette,* Milwaukee Cnty. Case No. 2020CF000324, https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CF000324&countyNo=51&index=0&mode=details (last visited Apr. 12, 2023). Burnette was

sentenced to thirteen years in custody and seven years on extended supervision. *Id.*

Prior to trial, Burnette filed a motion with the trial court to dismiss the charges for loss of personal jurisdiction and speedy trial violations. *Id.* On April 29, 2021, the trial court denied Burnette's motion to dismiss. *Id.* Burnette filed a request for an order granting leave to appeal the judgment on May 4, 2021. *Id.* The trial court declined to stay the proceedings until after the interlocutory appeal. *Id.* On May 24, 2021, the Wisconsin Court of Appeals denied the petition for leave to appeal. *Id.* The case proceeded to trial and the jury found Burnette guilty on June 3, 2021. *Id.* On June 22, 2021, Burnette file a petition for review of the Wisconsin Court of Appeals' decision with the Wisconsin Supreme Court. *Id.* On September 14, 2021, the Supreme Court of Wisconsin denied review. *State v. Burnette*, 2021 WL 9781611 (Table) (Wis. 2021).

Following Burnette's sentencing, the trial court entered a judgment of conviction on August 10, 2021. *Id.* On August 25, 2021, Burnette filed a motion for postconviction relief. *Id.* Following many extensions, Burnette filed a notice of appeal to the Wisconsin Court of Appeals on February 10, 2023, and that appeal is still pending with Burnette's statement on the transcript due on April 21, 2023. *Id.*

Burnette seeks federal habeas relief on the following four grounds: (1) loss of personal jurisdiction/due process regarding his preliminary hearing; (2) violation of his right to a speedy trial; (3) denial of spousal privilege; and (4) the State's failure to preserve exculpatory evidence by failing to collect DNA of other males at the scene of the crime. ECF No. 1 at 6–9.

3.  **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Based on the Court's review of the state court proceedings, it appears that Burnette has not yet exhausted his remedies in state court. A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a

full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Burnette's filings with the Wisconsin Court of Appeals and Wisconsin Supreme Court do not suggest that the state courts had the opportunity to consider the *merits* of his claims. Burnette sought an interlocutory appeal challenging the trial court's non-final orders prior to his trial in June 2021, and the Wisconsin Court of Appeals summarily denied his motion in a one-page order on May 24, 2021.[1] Burnette's state appeal was only recently filed, well after the filing of this federal habeas petition, and the Wisconsin Court of Appeals and Wisconsin Supreme Court have yet to consider the merits of that appeal. Thus, it appears that Burnette has not exhausted his state court remedies. The Court will, however, provide Burnette an opportunity to amend his petition to show proof of exhaustion in the event that the Court misunderstood the state court proceedings. In order to survive screening, Burnette's amended petition must demonstrate that the state courts had the opportunity to consider the merits of the claims presented in his petition.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

---

[1] *See State of Wisconsin v. Samuel A. Burnette,* Wisconsin Court of Appeals Case No. 2021AP000787, https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2021AP000787&cacheId=970CA0087E0617F95D1D96C9D06F83CC&recordCount=4&offset=1&linkOnlyToForm=false&sortDirection=DESC (last visited Apr. 12, 2023).

**IT IS FURTHER ORDERED** that on or before **May 3, 2023**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order. Failure to do so will result in dismissal of his action for failure to prosecute. *See* Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 12th day of April, 2023.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge